LOTTIS *v.* STATE TAX COMMISSION

Mr. Peter M. Gunnar, Salem, argued the cause and submitted a brief for plaintiff.

Mr. Gerald F. Bartz, Assistant Attorney General, Salem, Oregon, argued the cause and submitted a brief for defendant.

Decision for defendant rendered August 31, 1966.

EDWARD H. HOWELL, Judge.

This case involves income adjustments made as a result of an involuntary change from cash to an accrual method of plaintiffs' accounting under ORS 314.275(1).

After a field audit the Internal Revenue Service required plaintiffs to change their accounting method from a cash to an accrual basis for 1962 with an adjustment to reflect the changeover for prior years under the Internal Revenue Code for 1954, § 481(a) (2). The federal adjustment for prior years was made by adding the accounts receivable on January 1, 1962, and the accounts payable on January 1, 1954, and subtracting therefrom the total of accounts receivable on January 1, 1954, and the accounts payable on January 1, 1962.

Following the determination of the federal tax deficiency the defendant commission requested and the plaintiffs signed an agreement which stated:

"* * * that the adjustments made by the Internal Revenue Service in a redetermination of my (our) federal income tax for the tax year(s) indicated above [1962 and 1963] should also be used, to the extent applicable, in the redetermination of my (our) State of Oregon income tax for the same year(s)."

After execution of the agreement the defendant also

required plaintiffs to change their accounting method from the cash to accrual basis for 1962 but made adjustments to plaintiffs' income for prior years that differed from the adjustment made by the Internal Revenue Service. The defendant redetermined plaintiffs' income for 1962 by adding the accounts receivable outstanding at the end of 1962 and subtracted the accounts payable at the end of 1962. The plaintiffs allege that the defendant did not give any effect to plaintiffs' accounts receivable and accounts payable on January 1, 1954, like the Internal Revenue Service. This resulted in an increase of approximately $8,000 in plaintiffs' income over the amount as redetermined by the Internal Revenue Service.

The authority of the Internal Revenue Service to make the adjustments to years prior to 1962 is found in Internal Revenue Code for 1954, § 481. The comparable Oregon statute is ORS 314.275.

The plaintiffs' first contention is that the defendant should have made the same adjustments in the same manner to plaintiffs' 1962 income as did the Internal Revenue Service because ORS 314.275 was, according to defendant's Reg. 314.275(1), "modeled after" Internal Revenue Code of 1954, § 481, and that the two statutes are substantially identical.

While both ORS 314.275 and § 481 of the Internal Revenue Code involve adjustments resulting from change in the method of accounting, they contain substantial differences.

Section 481(a)(2) reads as follows:

"(2) there shall be taken into account those adjustments which are determined to be necessary solely by reason of the change in order to prevent amounts from being duplicated or omitted, except there shall not be taken into account any adjust-

ment in respect to any taxable year to which this section does not apply unless the adjustment is attributable to a change in the method of accounting initiated by the taxpayer."

ORS 314.275(1) states:

"314.275. Adjustments required by changes in methods of accounting. (1) In computing a taxpayer's taxable income for any tax year (referred to in this section as the 'year of the change'), under any law imposing taxes upon or measured by net income and administered by the State Tax Commission, if such computation is under a method of accounting different from the method under which the taxpayer's taxable income for the preceding tax year was computed, then there shall be taken into account those adjustments which are determined to be necessary solely by reason of the change in order to prevent amounts from being duplicated or omitted. *The adjustments allowed by this section are to be made regardless of whether a change is requested by the taxpayer or required by the commission and, if required, whether it is regarded as a change in the taxpayer's method of keeping books or a change in the method of reporting.*" (Emphasis supplied.)

The defendant's Reg. 314.275 states in part:

"Reg. 314.275. Change in Method of Accounting or Reporting. *This section is modeled after I.R.C. (1954) sec. 481.* * * *" (Emphasis supplied.)

■■ Section 481 of the Internal Revenue Code (and the Reg. 1.481-1) restricts adjustments made because of involuntary accounting changes to the period following the effective date of the 1954 Internal Revenue Code. The Oregon statute does not provide in cases of involuntary change that the adjustments be restricted to the period from 1957, the effective date of the Oregon statute, to the date of the change in accounting method.

Moreover, even though the defendant's regulation states that ORS 314.275 was modeled after the federal statute, the Oregon statute made a substantial change by providing for the adjustment to be made regardless of whether the accounting change is voluntary or involuntary.

That part of defendant's regulation stating that ORS 314.275 is "modeled after" § 481 of the Internal Revenue Code is considered to be merely introductory language to the regulation. Even if a statute is modeled after a federal statute there is no authority that the State Tax Commission is bound to follow the federal interpretation although it does so in many instances.

The remaining issue is the effect of the agreement between plaintiffs and defendant executed in January, 1965. The plaintiffs argue that the form requires the commission to make exactly the same adjustments as the Internal Revenue Service. The plaintiffs point to ORS 305.150 which gives the State Tax Commission authority to enter into closing agreements which are binding on the state. The plaintiffs then argue that the phrase in the form "to the extent applicable" is ambiguous and that contract ambiguities are to be construed against the writer. Therefore, because of the similarity in wording of § 481(a)(2) and ORS 314.275(1), and the "modeled after" language in Reg. 314.275(1) it was reasonable for the plaintiffs to assume that ORS 314.275 would be interpreted in the same manner as the federal statute; i.e., the adjustment period would only be from the effective date of ORS 314.275 to the date of the change in the accounting method.

The plaintiffs' arguments are not convincing be-

cause ORS 314.275(1) differs substantially in wording and effect from § 481 of the federal statute. Because Oregon tax statutes do not always conform to federal statutes, the divergence will sometimes result in a different approach being used at the federal and the state level.

■ In addition, the agreement providing that the adjustments made by the Internal Revenue Service should be used in the redetermination of plaintiffs' Oregon income tax definitely qualified the Oregon adjustment "to the extent applicable" to the federal adjustment.

The order of the State Tax Commission is affirmed.

Costs to neither party.