LEW F. AND HELEN C. KRAUSS *v.*
DEPARTMENT OF REVENUE
LEWIS N. AND KATHRYN KRAUSS *v.*
DEPARTMENT OF REVENUE
FRED R. AND PATRICIA KRAUSS *v.*
DEPARTMENT OF REVENUE
JOHN P. KRAUSS *v.* DEPARTMENT OF
REVENUE

Frank E. Magee, Portland, Oregon, represented plaintiffs.

Richard A. Uffelman, Assistant Attorney General, Salem, Oregon, represented defendant.

Decision for defendant rendered January 13, 1970.

EDWARD H. HOWELL, Judge.

The plaintiffs appeal from an order of the Department of Revenue which assessed additional personal income taxes against plaintiffs for the tax year 1964 and required the partnership, of which plaintiffs were members, to change from a cash to an accrual basis for reporting inventory.

In 1945 the plaintiffs Lew F. and Helen C. Krauss acquired a fifty percent interest in a partnership by

purchasing the capital accounts of some of the partners who owned a sawmill known as the Rough & Ready Lumber Company. Subsequently the Krauss family purchased the other outstanding interests and by September, 1952, the Krauss family owned one hundred percent of the business.

At the time of the various purchases the partnership had substantial log and lumber inventories on hand which had been accumulated over several years. The plaintiffs state, and the defendant does not dispute, that the amounts paid by plaintiffs for the other partners' interests were based at least in part on the value of the inventory.

Prior to 1964 the partnership operated on a hybrid system of accounting using the accrual method except that inventory purchases were deducted as expenses when purchased.

In 1964 the Commissioner of Internal Revenue found that the partnership's method of accounting did not clearly reflect income and pursuant to § 446(b) of the Internal Revenue Code of 1954, required the partnership to change over to the accrual method of accounting for inventories.[1]

Subsequent to the action of the Internal Revenue Service the defendant also required the partnership to change its method of accounting to the accrual method of reporting inventories. In computing income under the new method the defendant denied the partnership an opening inventory for 1964. Acting pursuant to ORS 314.275(2)(a) and (b), which provides

---

[1] Under the inventory method income is computed by deducting cost of goods sold from gross sales. The cost of goods sold is determined by adding the opening inventory and purchases and deducting closing inventory. Thus there is no deduction for inventory until it is sold.

that the additional income may be treated as if earned over the current year (1964) and the immediately preceding two years or over all the years for which the plaintiffs had records, the defendant recomputed the income over 1964 and the preceding two years as this resulted in a lesser tax to plaintiffs.

Plaintiffs concede that the hybrid method of accounting used by the partnership did not clearly reflect income and that a change to the accrual method for inventory was proper.

Plaintiffs' primary argument is that the partnership should have been allowed an opening inventory for 1964 in some amount and that defendant's refusal to allow an opening inventory resulted in an overstatement of the partnership income for 1964. Plaintiffs argue that in denying the partnership an opening inventory the defendant has not changed the partnership to a method of accounting which clearly reflects income and therefore the defendant has not complied with ORS 316.160 and 314.275(1).

ORS 316.160 gives the Department of Revenue the authority to require a taxpayer to change methods of accounting if the taxpayer's method does not clearly reflect income. The statute states in part: " * * * If the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the commission does clearly reflect income."

ORS 314.275(1) provides that in computing a taxpayer's taxable income in the year of change (1964), if such computation is under a method of accounting different from the method used the preceding year, then adjustments which are determined to be necessary by reason of the change in order to prevent

amounts from being duplicated or omitted shall be taken into account.[2] The statute also states that: "The adjustments allowed  *  *  *  are to be made regardless of whether a change is requested by the taxpayer or required by the commission and, if required, whether it is regarded as a change in the taxpayer's method of keeping books or a change in the method of reporting."

The plaintiffs cite the following cases in support of their argument that if a closing inventory was used the partnership is entitled to an opening inventory in order to properly reflect income. *Commissioner of Internal Revenue v. Dwyer,* 203 F2d 522 (2d Cir 1953), 43 AFTR 707, 53-1 USTC ¶ 9320; *Welp v. United States,* 201 F2d 128 (8th Cir 1953), 43 AFTR 136, 53-1 USTC ¶ 9167; *Commissioner of Internal Revenue v. Schuyler,* 196 F2d 85 (2d Cir 1952), 41 AFTR 1162, 52-1 USTC ¶ 9285; *David W. Hughes v. Commissioner,* 22 TC 1 (1954). These cases were decided before the enactment of § 481 of the Internal Revenue Code of 1954 and are not applicable.[3]

■ Prior to the enactment of § 481 of the Internal Revenue Code the rule had developed that if the tax-

---

[2] This means "that in the year in which a change in accounting method occurs, an adjustment must be made to the taxable income, as otherwise determined under the new method, in order to prevent any omission of income or duplication of deduction which might otherwise occur." Burns and Clarke, *Changing Accounting Methods: The Present Climate,* 1968 So Calif Tax Inst 741, 748.

[3] Section 481(a)(2) reads:

"(2) There shall be taken into account those adjustments which are determined to be necessary solely by reason of the change in order to prevent amounts from being duplicated or omitted, except there shall not be taken into account any adjustment in respect to any taxable year to which this section does not apply unless the adjustment is attributed to a change in the method of accounting initiated by the taxpayer."

payer initiated the change in his method of accounting the Commissioner could make adjustments necessitated by the change, but that if the Commissioner initiated the change then no adjustments were to be made. With the enactment of the Internal Revenue Code of 1954, § 481, which had no predecessor under the 1939 Code, came into being. As originally enacted, § 481 provided that regardless of who initiated the change all adjustments necessary to prevent duplication or omission of amounts as a result of a change in accounting method were to be made in the year of change. However, no adjustments were to be made with respect to taxable years not covered by the 1954 Code. In 1958 the federal Congress amended § 481 to provide that if the taxpayer had initiated the change then the Commissioner could adjust with respect to years not covered by the 1954 Code. In effect this meant that regardless of who initiated the change, adjustments were to be made with respect to all 1954 Code years, but as to taxable years not covered by the 1954 Code then the rule that had developed under the 1939 Code would apply and adjustments could be made with respect to those years only if the change in the method of accounting had been initiated by the taxpayer. See *U. S. v. Lindner et al*, 307 F2d 262 (10th Cir 1962), 10 AFTR2d 5462, 62-2 USTC ¶ 9694.

■ The comparable Oregon statute,④ ORS 314.275

---

④ ORS 314.275(1):

"(1) In computing a taxpayer's taxable income for any tax year (referred to in this section as the 'year of the change'), under any law imposing taxes upon or measured by net income and administered by the State Tax Commission, if such computation is under a method of accounting different from the method under which the taxpayer's taxable income for the preceding tax year was computed, then there shall be taken into account those adjustments which are deter-

(1), is basically similar to § 481(a)(2). However, there are important distinctions. When ORS 314.275 was originally enacted (Or L 1957, ch 544, § 2) the federal statute provided that no adjustments were to be made under § 481 with respect to taxable years which preceded the effective date of § 481. No such restriction was placed in the Oregon statute. The Oregon statute requires all necessary adjustments to be made regardless of whether the change in accounting is initiated by the taxpayer or required by the Department of Revenue. Thus, even if the department initiates the change, the Oregon statute does not provide that the adjustments be restricted to the period following 1957, the effective date of the Oregon statute, to the date of the change in the accounting method. See *Lottis v. Commission*, 2 OTR 434 (1966).

■ The plaintiffs' argument that changing the partnership to the accrual method without allowing an opening inventory is changing it to a method of accounting which does not clearly reflect income, is without merit. The plaintiffs seem to believe that the defendant is requiring the partnership to compute income for each year after 1964 by using a closing inventory without an opening inventory. This is not the fact. The partnership was denied an opening inventory for 1964 by the defendant under its authority to make the adjustments necessary for 1964, the year of the changeover, to prevent duplication of deduc-

---

mined to be necessary solely by reason of the change in order to prevent amounts from being duplicated or omitted. The adjustments allowed by this section are to be made regardless of whether a change is requested by the taxpayer or required by the commission and, if required, whether it is regarded as a change in the taxpayer's method of keeping books or a change in the method of reporting."

tions. The department is not changing the partnership to a system which recognizes closing inventories but prohibits opening inventories in the future.

Plaintiffs argue in the alternative that the partnership should be entitled to any of three amounts to be used as an opening inventory: (1) $381,000, the amount actually on hand on January 1, 1964; (2) $402,000, the amount actually on hand on December 31, 1956; or (3) $208,000, the value as of January 1, 1964, of a volume of logs and lumber equivalent to what was on hand when the various partnership interests were purchased.

In regard to plaintiffs' first contention that the partnership is entitled to an opening inventory of $381,000, the value of the logs and lumber on hand on January 1, 1964, the plaintiffs argue that disallowance of an opening inventory results in a distortion of income for 1964 and imposes a system which does not constitute a method of accounting which clearly reflects income.

■ The Department of Revenue decided, and rightfully so, that the partnership's method of accounting did not clearly reflect income. Also it correctly decided that the proper way to reflect income was to place the partnership on the accrual basis for reporting inventories.

■ Ordinarily under the accrual basis both opening and closing inventories would be involved in determining income. However, during the years prior to 1964 the partnership had deducted each item of inventory purchased. Therefore, at the beginning of 1964 when the partnership was changed over to the accrual method the inventory on hand had already been expensed and to give the partnership an open-

ing inventory for 1964 would have resulted in giving the partnership a double deduction. Because many of the past years are closed at the time of the change-over due to the statute of limitations and the income for those years could not be recomputed, the Department of Revenue is authorized by ORS 314.275 to make adjustments in the year of change "in order to prevent amounts from being duplicated or omitted." To grant the partnership an opening inventory of $381,000, the value of the logs and lumber on hand on January 1, 1964, would result in a double deduction in violation of ORS 314.275(1).

The second amount which plaintiffs assert as an allowable opening inventory for 1964 is $402,000, the amount that was on hand on December 31, 1956. The basis for this argument is that adjustments should not be made with respect to taxable years which preceded the enactment of ORS 314.275, at least in cases where the department has required the taxpayer to make the change. However, the Oregon statute is not the same as § 481 of the federal code. The Oregon statute, as pointed out earlier, does not make any distinction on the basis of who initiated the change or on the basis of years with respect to which adjustments are made.

The plaintiffs further argue that to deny an opening inventory equal to the inventory that was on hand on December 31, 1956, would constitute a violation of the statute of limitations. They contend that the action of the defendant results in including in income in 1964 amounts that were improperly expensed in years now closed.

The year 1964 was still open when the defendants required the partnership to change to the accrual

method for inventories. Although the adjustments result in placing in income in 1964 amounts that were improperly expensed in closed years, it is not a matter of recomputing taxable income for closed years but involves the making of necessary adjustments in the year of change to prevent a double deduction for the inventory. See *Weiss et al v. Com.*, 395 F2d 500 (10th Cir 1968), 22 AFTR2d 5013, 68-1 USTC ¶ 9380.

■ The Oregon statute requires the adjustments to be made regardless of who initiated the change and does not restrict adjustments with respect to years which precede the enactment of ORS 314.275 to cases where the taxpayer initiated the change. As the making of these adjustments does not constitute a violation of the statute of limitations, the partnership is not entitled to an opening inventory for the year of change in the amount of $402,000, the value of the inventory on hand on December 31, 1956.

As a final alternative the plaintiffs contend that the partnership should be entitled to an opening inventory of $208,000, the value as of January 1, 1964, of the logs and lumber purchased when the various partnership interests were acquired.

Plaintiffs first purchased a fifty percent interest in the partnership in June, 1945. The remaining one-half interest in the partnership was acquired by the plaintiffs at two different times—October, 1950, and September, 1952. The purchase price to plaintiffs was determined in part by the selling partners' proportionate interest in the inventory which cost $137,000. As of January 1, 1964, the value of the inventory was $208,000.

The plaintiffs argue that if the partnership is not allowed an opening inventory of $208,000 they will

be required to pay tax on inventory which had been improperly expensed by the prior partners and that the State of Oregon has already collected a tax on the sale of the inventory when the former partners reported the gain on their sale of the partnership interest to plaintiffs.

██ The answer to plaintiffs' argument is that the plaintiffs purchased the *interests* of the former partners in the partnership and the partnership continued until plaintiffs owned it entirely. The partnership was not dissolved and a new one started. The same hybrid method of accounting continued until 1964 when the defendant required the change to the accrual method of reporting inventories. It was the same partnership that, prior to 1964, improperly followed a method of accounting that deducted the inventory as it was purchased. As of January 1, 1964, the inventory had already been expensed and to allow the inventory to be included as an opening inventory for 1964 would result in a double deduction.

The case of *Schumacher v. Commission*, 2 OTR 268 (1965), cited by plaintiffs, is not applicable. That case involved the valuation of cattle in an opening and closing inventory where the rancher was using the unit-livestock-price method of inventory reporting. The applicability of ORS 314.275 was not raised by the parties nor mentioned by the court in that decision.

The order of the department is affirmed.